UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

===========================================X
GERMANIA GARZON, As Administrator of the
Estate of her husband OSCAR GARZON, deceased,
and, GERMANIA GARZON, Individually,

         Plaintiff,

    -against-

UNITED STATES OF AMERICA,

         Defendant.
===========================================X

**COMPLAINT**

Civil Action No.:
___ CV _____ (___)

ECF CASE

  Plaintiff, GERMANIA GARZON, by her attorneys, KRAMER, DILLOF, LIVINGSTON & MOORE, ESQS, complaining of the defendant, respectfully show to this Court and allege, as follows:

<u>JURISDICTION AND VENUE</u>

  1. This action arises under the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671-2680. This Court is vested with jurisdiction pursuant to 28 U.S.C. 1346(b). Jurisdiction is appropriate in this Court insofar as a Federal Question is presented under the Federal Tort Claims Act.

  2. If the defendant were a private individual, based on the facts alleged herein, it would be liable to the plaintiff in accordance with the laws of the State of New York.

  3. The claim set forth herein was presented to the Department of Health and Human Services, on August 4, 2020, by mailing a standard Form 95, as required by 28 C.F.R. 14.2 for damages in amount of $30,000,000.00. On or about October 19, 2020, defendant UNITED STATES OF AMERICA, by Iris Evans, Paralegal Evans, Specialist, Claims Office, acknowledged receipt of the perfected claim and requested additional documents and information, which were subsequently provided. On or about March 29, 2021, the Department

of Health and Human Services denied plaintiff's claim pursuant to 28 U.S.C. 2675(a). Six months have not passed since the denial of plaintiff's claim and all prerequisites for commencement of an action against defendant UNITED STATES OF AMERICA have been complied with and completed. Thus, this action is timely.

4. Jurisdiction exists in this Court pursuant to 28 U.S.C. 1331, as this action arises under the Constitution, laws and treaties of the United States, including the Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-501, 106 Stat. 3268, and the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777, codified as amended at 42 U.S.C. 201 et seq.

5. As stated in 42 U.S.C. 233(g)(1)(A), at all times herein mentioned, the Federal Tort Claims Act is the exclusive remedy for injuries caused by all agents, servants and/or employees of OPEN DOOR FAMILY MEDICAL CENTER, INC. At all times herein mentioned, said facility, funded and/or operated by the defendant, employed physicians, nurses, nurse practitioners, physician assistants, and other personnel over which it exercised control and supervision, with the right to employ and discharge such employees.

6. The venue of this action is proper because the acts and omissions that form the subject matter of this action occurred in this judicial district and are premised upon the fact that the transactions and occurrences that form the basis of plaintiff's complaint took place in the village of Brewster, in Putnam County, in the Southern District of the State of New York, as well as the fact that plaintiff resides in the village of Brewster, in Putnam County, New York and the subject clinics are located in the village of Brewster, in Putnam County, New York.

## PARTIES

7. Prior to the commencement of this action, the plaintiff GERMANIA GARZON, was duly appointed Administrator of the Estate of OSCAR GARZON (plaintiff's decedent), by

2

Order of the Surrogate's Court of the County of Putnam, State of New York, dated February 24, 2020.

8. GERMANIA GARZON resides, and resided with her husband, OSCAR GARZON when he was alive, at 20 Wetherill Road, Brewster, NY 10509, County of Putnam, and State of New York.

9. At all times herein mentioned, OPEN DOOR FAMILY MEDICAL CENTER, INC. was a domestic corporation, organized and existing pursuant to the laws of the State of New York.

10. At all times herein mentioned, defendant UNITED STATES OF AMERICA, funded, operated, managed, owned and/or controlled a health care facility known as OPEN DOOR FAMILY MEDICAL CENTER, INC. located at 155 Main Street, Suite 101, Brewster, New York, 10509, County of Putnam, and State of New York. At all times herein mentioned, said facility funded and/or operated by the defendant employed physicians, nurses, and other personnel over which it exercised control and supervision, with the right to employ and discharge such employees.

11. At all times herein mentioned, OPEN DOOR FAMILY MEDICAL CENTER, INC. was a federal clinic, funded by the Department of Health and Human Services, an agency of the defendant UNITED STATES OF AMERICA, and was within its mandate and authority.

12. It was the duty of defendant, United States of America, to reasonably care for, treat and supervise its patients, including the plaintiff's decedent herein, who sought treatment at its OPEN DOOR FAMILY MEDICAL CENTER, INC.

13. At all times herein mentioned, OPEN DOOR FAMILY MEDICAL CENTER, INC. was a non-profit private entity receiving federal funds under section 330 of the Public Health Service Act (42 U.S.C. 254b(e)).

14. At all times herein mentioned, OPEN DOOR FAMILY MEDICAL CENTER, INC. and its employees were deemed eligible for Federal Tort Claims Act coverage and eligible to be deemed employees of the Public Health Service for the purposes of the Federal Tort Claims Act (42 U.S.C. 233(g)(1)(A)), and were acting within the scope of their office and employment.

15. At all times herein mentioned, plaintiff's decedent OSCAR GARZON, was a patient at OPEN DOOR FAMILY MEDICAL CENTER, INC

16. At all times herein mentioned, SHEENA DEMARTINO, FNP was a family nurse practitioner duly licensed to practice medicine in the State of New York, maintaining an office of her practice at OPEN DOOR FAMILY MEDICAL CENTER, INC.

17. At all times herein mentioned, plaintiff's decedent OSCAR GARZON was a patient of SHEENA DEMARTINO, FNP.

18. At all times herein mentioned, SHEENA DEMARTINO, FNP, was an agent, servant and/or employee and/or affiliated with OPEN DOOR FAMILY MEDICAL CENTER, INC., was deemed eligible for Federal Tort Claims Act Coverage and eligible to be deemed an employee of the Public Health Service for the purposes of the Federal Tort Claims Act (42 U.S.C. 233(g)(1)(A)), and was acting within the scope of her office or employment.

19. At all times herein mentioned, SHEENA DEMARTINO, FNP, was authorized to provide care and treatment at OPEN DOOR FAMILY MEDICAL CENTER, INC. and was an employee of defendant UNITED STATES OF AMERICA.

20. At all times herein mentioned, all of the physicians, physician assistants, nurses, nurse practitioners, medical assistants and other personnel involved in the medical diagnosis, care and treatment of the plaintiff's decedent OSCAR GARZON at OPEN DOOR FAMILY MEDICAL CENTER, INC. were agents, servants and/or employees of OPEN DOOR FAMILY MEDICAL CENTER, INC. and of the defendant UNITED STATES OF AMERICA.

21. At all times herein mentioned, all of the physicians, physician assistants, nurses, and other personnel involved in the medical diagnosis, care and treatment of the plaintiff's decedent at the OPEN DOOR FAMILY MEDICAL CENTER, INC. were agents, servants and/or employees of the OPEN DOOR FAMILY MEDICAL CENTER, INC. and of the defendant UNITED STATES OF AMERICA.

<u>AS AND FOR THE FIRST CAUSE OF ACTION</u>

22. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs 1. through 21., inclusive, with the same force and effect as if hereinafter set forth at length.

23. At all times herein mentioned, plaintiff's decedent OSCAR GARZON was a patient of OPEN DOOR FAMILY MEDICAL CENTER, INC.

24. At all times herein mentioned, plaintiff's decedent OSCAR GARZON was a patient of SHEENA DEMARTINO, FNP.

25. On or about the period of January 16th of 2019 and through February 2nd of 2019, and for some time prior thereto and subsequent thereto, with regard to certain signs, symptoms and complaints regarding his physical condition, plaintiff's decedent OSCAR GARZON came under the care of OPEN DOOR FAMILY MEDICAL CENTER, INC., in its capacity as a healthcare facility that offered care and treatment to patients from the general public, and to plaintiff's decedent OSCAR GARZON, in particular, in accordance with accepted standards of medical and clinical care and practice.

26. On or about January 16, 2019 and January 31, 2019, and for some time prior thereto, during, and subsequent thereto, with regard to certain signs, symptoms and complaints regarding his physical condition, including, but not limited to fever, cough, body aches, shortness of breath, tachypnea, tachycardia, weight loss, abnormal lung sounds, positive influenza test, and

5

concern for pneumonia, plaintiff's decedent OSCAR GARZON came under the care of SHEENA DEMARTINO, FNP in her capacity as a family nurse practitioner, charged with the responsibility of caring for patients in accordance with standards of accepted medical care and practice and SHEENA DEMARTINO, FNP, while in her capacity as employee and agent of defendant UNITED STATES OF AMERICA, failed to follow the accepted standards of medical care in her diagnosis, care and treatment of plaintiff's decedent OSCAR GARZON.

27. At all pertinent times and at the time of the aforesaid malpractice, SHEENA DEMARTINO, FNP, was acting as the agent, servant and/or employee of defendant UNITED STATES OF AMERICA. As such, defendant UNITED STATES OF AMERICA is vicariously liable for the acts SHEENA DEMARTINO, FNP, under the principles of agency and doctrines of respondeat superior.

28. On or about the period of January 16, 2019 through on or about February 2, 2019, plaintiff's decedent OSCAR GARZON was a patient of the defendant, through its agents, servants and/or employees, of OPEN DOOR FAMILY MEDICAL CENTER, INC., and was under the medical care and treatment of the defendant, through its agents, servants and/or employees. The work-up, diagnosis, care and treatment rendered to plaintiff's decedent OSCAR GARZON was inadequate and improper and violated the standards of accepted medical care, thereby resulting in the failure to timely and properly diagnose and treat the plaintiff decedent's influenza and pneumonia and thereby resulting in the premature death of plaintiff's decedent OSCAR GARZON from acute hypoxic respiratory failure due to pneumonia and influenza. Plaintiff's decedent OSCAR GARZON died on February 25, 2019. As a result of the foregoing diagnosis, care and treatment by the defendant, through its agents, servants and/or employees, the plaintiff's decedent OSCAR GARZON sustained severe and serious injuries and complications including influenza, pneumonia, respiratory distress, respiratory failure and

*sequellae* thereto, wrongful premature death, mental and physical anguish, emotional distress, extensive medical care and treatment, rendered unable to attend and care for his wife and children and was caused to suffer significant and severe physical pain, all of which damages and injuries were and are permanent in nature.

29. Said occurrence was due to the carelessness, negligence and medical malpractice of the defendant, its agents, servants and/or employees in failing to render good and proper medical care; in failing to consider, recognize, diagnose and treat plaintiff's condition in a proper and timely manner; in failing to obtain proper medical testing, treatment and intervention in a timely manner, including chest x-ray results, specialist consultation, and laboratory studies, including complete blood count; in delaying sending OSCAR GARZON to the hospital for timely treatment; in failing to refer the plaintiff's decedent for a further expert consultation; in failing to order proper and timely treatment, medication, and supportive care; and in failing to treat the plaintiff's decedent in accordance with accepted and proper medical standards and practices, all without any fault or lack of care on the part of the plaintiff.

30. The aforementioned injuries sustained by the plaintiff's decedent OSCAR GARZON, were proximately caused by the carelessness, negligence and malpractice of the defendant UNITED STATES OF AMERICA through its agents and employees of OPEN DOOR FAMILY MEDICAL CENTER, INC., including SHEENA DEMARTINO, FNP, while they were acting within the scope of their office or employment.

31. These injuries are of a lasting and permanent nature and the plaintiff's decedent OSCAR GARZON was confined to his bed, home, and hospital as a result thereof, and there were caused to be expended sums of money for medical, hospital, and custodial care on his behalf, as well as past and future loss of income.

32. That the foregoing occurrences were the direct and proximate cause of the breaches in the standard of care by OPEN DOOR FAMILY MEDICAL CENTER, INC. and SHEENA DEMARTINO, FNP and/or other agents, servants and/or employees of defendant UNITED STATES OF AMERICA, as a result of which plaintiff's decedent has incurred pain, suffering, mental anguish and associated damages.

AS AND FOR A SECOND CAUSE OF ACTION<br>FOR LACK OF INFORMED CONSENT

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1. through 32. of the complaint, inclusive, with the same force and effect as if hereinafter set forth at length.

34. Defendant's agents, servants and/or employees failed to inform plaintiff's decedent OSCAR GARZON of the hazards and alternatives of the medications, procedures and treatments rendered in connection with the care and treatment rendered so that an informed consent could be given.

35. Reasonably prudent persons in the position of plaintiff's decedent OSCAR GARZON would not have consented to the medications, procedures and treatments rendered if they been fully informed of the risks hazards and alternatives connected with such procedures and treatment.

36. As a consequence of the foregoing, there was no informed consent to the medications, procedures and treatment rendered in connection with plaintiff decedent's medical care and treatment.

37. The failure to inform the plaintiff's decedent OSCAR GARZON fully and adequately of the risks, hazards and alternatives of the medications, procedures and treatments rendered in connection with her care is a proximate cause of the injuries sustained by the plaintiff's decedent OSCAR GARZON.

8

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR WRONGFUL DEATH

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 37., inclusive, with the same force and effect as if hereinafter set forth at length.

39. Plaintiff's decedent was survived by his wife plaintiff GERMANIA GARZON and their two children.

40. By reason of the foregoing carelessness and negligence, of the defendants, their agents, servants and/or employees, same caused, precipitated and/or hastened the death of plaintiff's decedent OSCAR GARZON on February 25, 2019.

41. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR LOSS OF SERVICES

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 41., inclusive, with same force and effect as if hereinafter set forth at length.

43. By reason of the foregoing occurrence and resultant injuries and complications to plaintiff's decedent, OSCAR GARZON, plaintiff GERMANIA GARZON has been deprived of the services, society and companionship of her husband, OSCAR GARZON from on or about January 31, 2019 through the date of OSCAR GARZON's death, on or about February 25, 2019.

44. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1. through 44. of this complaint, inclusive, as if hereinafter set forth at length.

46. OPEN DOOR FAMILY MEDICAL CENTER, INC. prior to the granting or renewing of privileges or employment to physicians, nurses, nurse practitioners, physician assistants and others involved in the care of the plaintiff, failed to investigate the qualifications, competence, capacity, abilities and capabilities of said physicians, nurses, physician assistants, and other employees, including, but not limited to the following information: patient grievances; negative health care outcomes; incidents injurious to patients; professional malpractice actions commenced against such persons, including the outcome thereof; any history of association, privilege and/or practice at other institutions; any discontinuation of said association, employment privilege and/or practice at said institution; and any pending proceeding in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings, and failed to make sufficient inquiry of the physicians, nurses, nurse practitioners, physician assistants, and/or employees and institutions that did and should have information relevant to the competence, capacity, abilities, and capabilities of such persons rendering treatment.

47. Had OPEN DOOR FAMILY MEDICAL CENTER, INC. made the above-stated inquiry, or in the alternative, had these health care centers reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted or renewed.

48. By reason of the health care centers' failure to meet the aforementioned obligation, plaintiff's decedent was treated by nurse practitioners, physicians, nurses and other

personnel who were lacking the requisite skills, abilities, competence and capacity, as a result of which, the plaintiff's decedent sustained severe injuries and complications.

**WHEREFORE**, plaintiff GERMANIA GARZON, As Administrator of the Estate of her husband OSCAR GARZON, deceased, and, GERMANIA GARZON, Individually, by her attorneys, KRAMER, DILLOF, LIVINGSTON & MOORE, ESQS., hereby demand judgment against the defendant in the amount of thirty million dollars ($30,000,000.00) compensatory damages for GERMANIA GARZON, together with the costs and disbursements of this action and the interest imposed thereon.

Dated: New York, New York
       June 23, 2021

>                       Respectfully Submitted,
>                       **KRAMER, DILLOF, LIVINGSTON & MOORE, ESQS.**
>
>                       By: John D. Cagney   (JDC – 4129)
>                       Attorneys for plaintiff
>                       217 Broadway
>                       New York, New York 10007
>                       (212) 267-4177
>                       jcagney@kdlm.com

TO:   UNITED STATES OF AMERICA
      c/o MATTHEW G. WHITAKER
      ATTORNEY GENERAL OF THE UNITED STATES
      U.S. Department of Justice
      950 Pennsylvania Avenue, N.W.
      Washington, D.C. 20530-0001

      MATTHEW G. WHITAKER
      ATTORNEY GENERAL OF THE UNITED STATES
      Department of Justice
      Room 5111
      10th & Constitution Avenue, NW
      Washington, D.C. 20530

CIVIL PROCESS CLERK
OFFICE OF THE UNITED STATES ATTORNEY
86 Chambers Street
New York, New York 10007

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES
Business and Administrative Law Division
DHHS Office of the General Counsel
330 Independence Avenue, S.W., Room 5326
Washington, D.C. 20201

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES
Office of the General Counsel
200 Independence Avenue, S.W.
Washington, DC 20201

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

=========================================X
GERMANIA GARZON, As Administrator of the
Estate of her husband OSCAR GARZON, deceased,
and, GERMANIA GARZON, Individually,

                          Plaintiff,

       -against-

UNITED STATES OF AMERICA,

                          Defendant.
=========================================X

**ATTORNEY VERIFICATION**

Civil Action No.:
___ CV _____ (___)

ECF CASE

**JOHN D. CAGNEY**, an attorney duly admitted to practice law in the Courts of the State of New York, and an associate of the law firm KRAMER, DILLOF, LIVINGSTON & MOORE, ESQS., attorneys for the plaintiffs **GERMANIA GARZON, As Administrator of the Estate of her husband OSCAR GARZON, deceased, and, GERMANIA GARZON, Individually**, in the within action, hereby affirms the following under the penalties of perjury:

That I have read the within Summons and Verified Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

That the source of my information and knowledge are investigations and records in the file.

That the reason this verification is made by affirmant and not by plaintiffs is that plaintiffs do not reside within the County that the firm with which I am associated maintains an office.

Dated: New York, New York
       June 23, 2021

                                              /S/
                                John D. Cagney    (JDC-4129)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

=======================================X
GERMANIA GARZON, As Administrator of the
Estate of her husband OSCAR GARZON, deceased,
and, GERMANIA GARZON, Individually,

          Plaintiff,

  -against-

UNITED STATES OF AMERICA,

          Defendant.
=======================================X

**CERTIFICATE OF MERIT**

Civil Action No.:
___ CV _____ (___)

ECF CASE

**JOHN D. CAGNEY,** an attorney duly admitted to practice law in the Courts of the State of New York, and a partner of the firm KRAMER, DILLOF, LIVINGSTON & MOORE, ESQS., attorneys for the **plaintiffs GERMANIA GARZON, As Administrator of the Estate of her husband OSCAR GARZON, deceased, and, GERMANIA GARZON, Individually**, in the within action, hereby affirms the following under the penalties of perjury:

I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice medicine in the State of New York or any other State and whom I reasonably believe is knowledgeable in the relevant issues involved in this matter. I have concluded on the basis of that review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
    June 23, 2021

               ___/S/_____
               John D. Cagney (JDC-4129)